UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LESTER WAGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:20-CV-430-TAV-HBG |
| | ) |
| RUSTY LOZA and | ) |
| TAMMY REAGAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and related motion for leave to proceed *in forma pauperis* [Doc. 1]. In his complaint, Plaintiff has also requested the appointment of counsel [Doc. 2 p. 5]. The Court will address Plaintiff's motions before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I. MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Bledsoe County Correctional Complex, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. REQUEST TO APPOINT COUNSEL

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent party. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the party's ability to present his claims.

*Lavado*, 992 F.2d at 605-06. After considering these factors, the Court finds that appointment of counsel is not warranted in this case. Accordingly, Plaintiff's request to appoint counsel will be **DENIED**.

III. **SCREENING**

    A.    **Screening Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and

conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

On various dates between July 2020 and September 2020, while housed at the Claiborne County Detention Center ("CCDC"), Plaintiff filed several medical requests asking LPN Rusty Loza to contact Ft. Sanders Medical Center to schedule a surgery to place stents in Plaintiff's heart [Doc. 2 p. 3-4]. In each of these requests, Plaintiff also requested evaluation and treatment for chronic Hepatitis C [*Id*. at 4]. Defendant Loza failed to either request Plaintiff's surgery or schedule an evaluation for Hepatitis C, and Plaintiff subsequently filed a medical request about these issues with Jail Administrator Tammy Reagan on September 21, 2020 [*Id*.]. Defendant Reagan failed to respond to Plaintiff's request for treatment [*Id*.].

On September 25, 2020, Plaintiff filed an inmate grievance to Defendant Reagan complaining that the inmate access to the "fastcase" website deprived him of access to the courts [*Id*.]. On September 28, 2020, Plaintiff filed another grievance to Defendant Reagan

4

asserting that he was deprived of "the required right of at least one (1) appeal process of the grievance process" [*Id.*].

### C. Analysis

#### 1. Access to the Courts

Plaintiff alleges that he was denied access to the "fastcase" website in the law library, thereby denying him access to the courts [Doc. 2 p. 4]. However, to state a viable claim for the infringement of the right to access the courts, a plaintiff must demonstrate resulting prejudice to a non-frivolous civil rights or criminal action. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation."). Plaintiff has not alleged that he was prevented from filing any action, or that he missed deadlines or suffered prejudice to any civil rights or criminal litigation as a result of the unavailability of a caselaw website. Accordingly, Plaintiff's claim for denial of access to the courts will be **DISMISSED**.

#### 2. Grievances

Plaintiff also complains that his grievances have gone unanswered by Defendants, and that he was denied the right to appeal his grievances [Doc. 2 p. 4]. To the extent Plaintiff purports to assert these allegations as constitutional claims, the Court notes that inmates have no constitutional right to a grievance procedure, and they therefore have no

5

interest in having any such grievances satisfactorily resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Accordingly, any alleged infirmities the grievance procedure and/or response fail to raise a viable constitutional issue.

Further, the Court notes that Defendants cannot be held liable for merely failing to act upon Plaintiff's grievances, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Therefore, this claim will be **DISMISSED**.

### 3. Medical Care

Finally, Plaintiff claims that he was denied medical care by Defendants Loza and Reagan to treat a serious heart condition and chronic Hepatitis C [Doc. 2 p. 3]. Affording Plaintiff's complaint liberal construction, the Court finds he has stated a plausible claim for the denial of adequate medical care as to both Defendants. *See, e.g., Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976) (holding that the Eighth Amendment obligates prison authorities to provide necessary medical care to incarcerated individuals). Accordingly, the Court will allow Plaintiff's claim for the denial of adequate medical care to **PROCEED** as to Defendants Loza and Reagan.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

6

Case 3:20-cv-00430-TAV-HBG   Document 4   Filed 10/28/20   Page 6 of 8   PageID #: 18

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's request for the appointment of counsel is **DENIED**;

6. Plaintiff's claim for the denial of adequate medical care in violation of the Eighth Amendment will **PROCEED** against Defendants Rusty Loza and Tammy Reagan;

7. The Clerk is hereby **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Loza and Reagan;

8. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

9. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

10. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default;

11. Plaintiff's remaining claims are **DISMISSED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to

7

this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE