UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| LESTER WAGNER, | ] | |
|---|---|---|
| Plaintiff, | ] | |
| v. | ] | No. 3:20-cv-00430-TAV-DCP |
| RUSTY LOZA AND TAMMY REAGAN, | ] | |
| Defendants. | ] | |

## ANSWER ON BEHALF OF RUSTY LOZA

The defendant, Rusty Loza ("Loza"), makes the following Answer to the plaintiff's Complaint ("Complaint") and would show unto the Court as follows:

FIRST DEFENSE

Based upon the Court's assessment of the *pro se* plaintiff's Complaint, the Court determined that the plaintiff's Complaint stated a claim against Loza for allegedly refusing to provide medical care for plaintiff's serious medical needs. [Doc. 4, Page ID #: 18] This defendant denies that he refused to provide medical treatment for any serious medical need of Lester Wagner ("Wagner") and asserts that Wagner's medical requests were appropriately addressed. This defendant denies the allegations of plaintiff's Complaint except as consistent with the following:

1. This defendant admits that Wagner submitted medical requests on July 6, July 30, August 12 and September 18, 2020 requesting that the medical staff contact Fort Sanders Medical Center and schedule him for heart surgery. He also asked for unspecified treatment for Hepatitis C and stated that he had never received treatment for that condition before.

2. Based upon his requests, this defendant requested Wagner's medical records from Fort Sanders Medical Center.

3. Those records were received and were reviewed by the jail's physician who determined that Wagner did not require heart surgery or additional treatment.

4. Those hospital records showed that Wagner was treated at Fort Sanders Medical Center from December 27, 2018 to January 1, 2019 for an infection in the arm due to IV drug use. Although Wagner was evaluated for endocarditis during that hospitalization, the medical providers determined that he did not have endocarditis. Wagner was diagnosed with cellutis of the right arm, and it was determined that he did not need surgery for that condition.

5. This defendant did not received any information from a physician indicating that Wagner required heart surgery or any treatment for Hepatitis C.

6. This defendant can only schedule surgery or provide medications that are ordered by the jail physician or nurse practitioner.

7. No surgery was ordered for Wagner, and Wagner was provided with the medications and treatment ordered for him.

8. This defendant did not ignore Wagner's medical requests or refuse to provide Wagner with medical treatment.

9. This defendant denies that Wagner has a serious medical need requiring him to undergo heart surgery or requiring current treatment for Hepatitis C. Wagner is not entitled to elective medical evaluations or treatment that he refused to obtain prior to his incarceration.

10. Wagner has not alleged any injury as a result of the alleged denial of medical care and this defendant denies that any alleged denial of care has cause him any injury or worsening of any underlying pre-existing medical condition.

SECOND DEFENSE

To the extent allowed by law or by a reasonable extension of the law, the defendant, Rusty Loza, asserts that he should be entitled to qualified immunity since he is sued in his individual capacity and is considered to be a "state actor". Loza was not deliberately indifferent to any serious medical need of the plaintiff and did not violate the plaintiff's constitutional rights. Additionally, a reasonable nurse in his position would have believed that his actions were consistent with the plaintiff's constitutional rights based upon established law.

THIRD DEFENSE

This defendant asserts that the plaintiff's lawsuit should be dismissed based upon the Prison Litigation Reform Act because the plaintiff failed to exhaust his administrative remedies.

Having fully answered the Complaint, this defendant asserts that the Complaint against him should be dismissed at the cost of the plaintiff. This defendant reserves the right to amend the Answer as consistent with the Federal Rules of Civil Procedure.

Respectfully submitted,

 s/ Jeffrey M. Ward
JEFFREY M. WARD, BPR # 016329
MILLIGAN & COLEMAN PLLP
P. O. Box 1060
Greeneville, TN  37744-1060
423 639-6811
423 639-0278 facsimile
jward@milligancoleman.com

Attorney for defendant, Rusty Loza

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on December 11, 2020, a copy of the foregoing Answer of Rusty Loza was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. The *pro se* plaintiff has been served as follows:

  Lester Wagner
  Trousdale Turner Correction Center
  140 Macon Way
  Hartsville, TN 37074

              *s/ Jeffrey M. Ward*