United States District Court
Eastern District Of Tennessee
Knoxville

FILED
DEC 28 2020
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

Lester Wagner, Plaintiff ]
]
]
v. ] No. 3:20-cv-00430-TAV-DCP
]
]
Rusty Loza and ]
Tammy Reagan, Defendants. ]

\* \* \* \* \* \* \* \* \*

Response To Answer On Behalf
Of Rusty Loza.

\* \* \* \* \* \* \* \* \* \*

    The plaintiff, Lester Wagner, ("Wagner"), makes the following Response To Answer On Behalf Of Rusty Loza, defendant ("Loza"), and states as follows:

    The plaintiff, ("Wagner") does again affirm that this defendant did refuse to provide medical treatment for plaintiff's serious medical need and this defendant failed to appropriately address plaintiff's medical requests.

    The plaintiff states that he was never seen by the jail's physician to properly determine heart surgery or additional treatment. The only medical personnal that plaintiff ever had any conversation with regarding his serious medical needs was the defendant ("Loza").

    The plaintiff does state that he was treated at Fort Sanders Medical Center from December 27, 2018 to

(1)

January 1, 2019 for an infection in the arm due to IV drug use. That those specific hospital records show that plaintiff was evaluated for endocarditis during that hospitalization, that the medical providers determined that plaintiff did not have endocarditis. That plaintiff was diagnosed with cellutis of the right arm, and it was determined that he did not need surgery for that condition, i.e. the cellutis. However, this defendant's answer fails to inform this Honorable Court that those same exact medical ~~request~~ records show under the Cardiology Imaging report that it was determined by the heart specialist medical providers at Fort Sanders Medical Center determined that plaintiff's lower two heart valves contained vegetation and that his left lower heart valve was regurgitating blood around his heart and that the only remedy to this serious medical problem could only be fixed and repaired by scheduling surgery to have stents place in those two lower damaged heart valves. Never does those same medical records that this defendant relies on in his answer to the plaintiff's complaint show or that it was determined by Fort Sander's Medical Center's heart specialist that he did not need surgery for the condition regarding his damaged lower two heart valves. In fact, the exact opposite is true, at that time plaintiff left the hospital against medical advice and that he had not been scheduled for surgery to address

(2)

his serious medical need regarding his heart problems.
   The plaintiff states that on every medical request as well as verbal conversations with this defendant that he had been diagnosed with chronic Hepatitis C in 2016 from medical records from the University Of louisville hospital, he further stated that he had never been treated so that this defendant would know that he would be a candid for Hepatitis C treatment. Plaintiff states that even though this defendants records show that plaintiff has Hepatitis C that this defendant failed to order any type of blood testing, etc. to determine how severe his Hepatitis is. Further, this defendant failed to schedule plaintiff to see the jail physician.
   This defendant is in fact a LPN/Mtg, of the Southern Health Partners and as such acts as a Nurse practitioner and that he was solely responsible to make sure that plaintiff was afforded and that his Eighth Amendment right to be provided necessary adequate medical care.
   In fact this defendant answered a inmate grievance filed by plaintiff on September 28, 2020 which stated at that time this defendant would put him down for a prison transfer ASAP. On September 29, 2020, this defendant signed and faxed a copy to have him medically transfered to TNDOC. On October 1, 2020, plaintiff was

(3)

medically transfered to Bledsoe County Corr. Complex, the classification center for TNDOC. The only appointment that this defendant had made for him to see the jail physician was on October 2, 2020, a day after his transfer.

Undoubtly, this defendant clearly did ignore plaintiff's medical requests and clearly did refuse to provide him with medical treatment.

The plaintiff again asserts that he does have a serious medical need requiring him to undergo heart surgery and that he is requiring current treatment for Hepatitis C. To valid his claims further, plaintiff states that since coming to Trousdale Turner Corr. Center that the Core Civic medical providers has already begun the process, i.e., drawing necessary blood samples and scheduling one of two required ultrasounds of his liver to begin his treatment for Hepatitis C and that the same medical providers based on the Cardiology Imaging medical records findings that this defendant relies on as his defense is now scheduling plaintiff to be seen by a heart specialist based on Fort Sander's Medical Center determinations. Both of these serious medical conditions are not merely elective medical evaluations.

The plaintiff, states that undoubtly there must

(4)

be additional and worsening injuries to both his heart and liver since both are serious underlying pre-existing medical conditions that defendants actions or better stated denial of care has been a result of.

The plaintiff states that this defendant is clearly not entitled to qualified immunity since he is sued in his individual capacity and that in no way can he be considered a "state actor". To be clear both defendants were sued in both individual and official capacities. Further, this defendant is not a "state actor" because he is employed by Southern Health Partners, to "act" as a medical provider and is currently employeed in the position of LPN/Mtg. Further, this defendant was undoubtly deliberately indifferent to both serious medical needs of the plaintiff and that this defendant clearly violated the plaintiff's constitutional rights. Additionally, no reasonable nurse in his position would have believed that his actions were consistent with the plaintiff's constitutional rights based upon established law or he would not have been so ready to schedule a prison medical transfer immediately upon the plaintiff filing a inmate grievance based upon this defendant's denial to provide adequate medical treatment for his serious medical needs.

(5)

Finally, the plaintiff states that his lawsuit should not be dismissed based upon the Prison Litigation Reform Act because clearly plaintiff exhausted all of his available administrative remedies when he utilized the inmate grievance process at the Claiborne County Jail where this defendant is lawfully bound and employed by the Southern Health Partners to ensure that all the incarcerated individuals receive adequate medical treatment and to further support his exhaustion of his administrative remedies the plaintiff states that this defendant answered and responsed to his inmate grievance on September 28, 2020 @ 12:00 pm.

Having fully ~~answered~~ responsed to and answered this defendants answer to the complaint, the plaintiff asserts that the complaint must not be dismissed and that he be afforded his right to trial by a jury.

Respectfully submitted,
Lester Wagner
Lester Wagner #429507
Trousdale Turner Corr. Complex
140 Macon Way
Hartsville, TN 37074

(6)

## Certificate Of Service

I hereby certify that on December 18, 2020, that the foregoing Response To Answer On Behalf Of Rusty hoza was mailed to the Clerk, of the Court, United States District Court, Eastern District Of Tennessee, Knoxville, to be filed immediately upon receipt. And that the other parties will also be served by regular U.S. Mail, sent the same date. The other parties have been served as follows:

Jeffery M. Ward, BPR #016329
Milligan & Coleman PLLP
P.O. Box 1060
Greenville, TN 37744-1060
Attorney for defendant, Rusty hoza

Administrator/defendant
Tammy Reagan
Claiborne County Detention Center
415 Straight Creek Rd
New Tazwell, TN 37825

Lester Wagner
Lester Wagner
Plaintiff, pro-se

(7)

Lester B. Wagner #449507
Trousdale Turner Corr. Complex
140 Macon Way
Hartsville, TN 37074



NASHVILLE TN 370
22 DEC 2020 PM 6 L

INSPECTED RECEIVED
DEC 2 8 2020
Clerk, U.S. District Court
Eastern District of Tennessee
At Knoxville

United States District Court
Eastern District of Tennessee
Att: Clerk of Court
800 Market Street
Suite 130
Knoxville, TN 37902